# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RICHARD FIGUEROA,<br>　　　　　Appellant, | DOCKET NUMBER<br>NY-0752-14-0203-I-1 |
| 　　　　v. | |
| DEPARTMENT OF HOMELAND<br>　SECURITY,<br>　　　　　Agency. | DATE: December 22, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alan E. Wolin, Esquire, Jericho, New York, for the appellant.

Alexander Lawrence Judka, Esquire, New York, New York, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which sustained his 45-day suspension.　Generally, we grant petitions such as this one only when:　the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.　Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.　In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.　See 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant was employed as a Customs and Border Patrol Officer (CBPO) officially assigned to the Firearms Unit at John F. Kennedy International Airport.  Initial Appeal File (IAF), Tab 38, Hearing Transcript (HT) at 227-28.  One day, after completing his regular shift, he performed an overtime shift in another unit.  *Id*. at 216-17.  Because of the appellant's conduct during that shift and afterwards, the agency proposed to suspend him on the basis of one charge of failure to follow supervisory instructions and one charge of disrespectful conduct toward a supervisor.  IAF, Tab 7 at 62-64.  The first charge included three underlying specifications best summarized as follows:  (1) the appellant refused to place a stamp on a certain document and to complete certain inspections, despite repeated orders to do so; (2) when he was working the overtime assignment, the appellant told the supervisory CBPO that he was leaving due to illness and, despite being instructed to do so, failed to sign out before leaving; and (3) after being instructed in an email to provide a note from the medical provider from whom he alleged to have sought treatment on the day in question, the appellant replied that he would not do so.  *Id*. at 62.  The charge of

disrespectful conduct, which arose out of the appellant's conduct on that same day, was based upon his refusal to complete an assignment as instructed by the supervisory CBPO and his comments to the supervisory CBPO in refusing to complete the assignment. *Id*. The appellant provided both an oral and written reply to the proposed suspension. *Id*. at 65-90. The deciding official sustained both charges and the underlying specifications and imposed the 45-day suspension. *Id*. at 91-94.

¶3 The appellant filed the instant appeal challenging the suspension and asserting affirmative defenses of equal employment opportunity (EEO) retaliation, discrimination based on gender and national origin, and harmful procedural error. IAF, Tab 1. After conducting the requested hearing, the administrative judge issued an initial decision affirming the suspension and denying the appellant's affirmative defenses. IAF, Tab 46, Initial Decision (ID). The appellant has filed a petition for review, and the agency has responded. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4 First, the appellant challenges the administrative judge's decision to sustain specification 1 of the failure to follow instructions charge. ID at 9-19. He asserts, as he did below, that the agency policy on the relevant procedures was unclear, which led to the supervisors' uncertainty about the policy and his disagreement with them about how to complete the assigned tasks. PFR File, Tab 1 at 17. He also challenges the decision to sustain specification 2 of this charge, which related to his failure to sign out upon leaving his overtime shift, because he asserts that, since he was working overtime, he should not have had to sign out. *Id*.

¶5 To prove a charge of failure to follow instructions, an agency must establish that the employee was given proper instructions and he failed to follow the instructions, without regard to whether the failure was intentional or

unintentional.  *Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 16 (2014).  Even when the employee may have substantial reason to question the instructions, absent unusual circumstances, such as when obedience would cause him irreparable harm or place him in a clearly dangerous situation or when the instructions are clearly unlawful, he must first comply with the instructions and then, if he disagrees with them, register his complaint or grievance later. *Pedeleose v. Department of Defense*, 110 M.S.P.R. 508, ¶¶ 16, 18, *aff'd*, 343 F. App'x 605 (Fed. Cir. 2009); *Larson v. Department of the Army*, 91 M.S.P.R. 511, ¶ 21 (2002).

¶6      The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).  The administrative judge correctly sustained specification 1 because she found the agency proved that the appellant failed to follow the supervisors' instructions when they ordered him to complete certain procedures and that the appellant did not show that he believed that these instructions were unlawful or that obeying them would have placed him in a clearly dangerous situation or caused him irreparable harm.  ID at 17-19.  She also properly sustained specification 2 because she found that the appellant did not dispute that he failed to sign out and that the supervisory CBPO credibly testified both that he told the appellant to sign out and that the appellant was required to do so.  ID at 19-23.  The appellant has failed to proffer sufficiently sound reasons for disturbing the administrative judge's credibility determinations in support of her decision sustaining these specifications.   Furthermore, his reasserting policy disagreements with the supervisors' instructions does not provide a reason for disturbing the initial decision because he was required to comply with the instructions despite his disagreement.  *Pedeleose*, 110 M.S.P.R. 508, ¶ 16.

¶7    Next, the appellant challenges the administrative judge's decision to sustain specification 3 regarding his failure to provide medical documentation because he asserts, among other things, that the agency had no basis to request medical documentation under the circumstances, including the fact that he was working an overtime shift and thus was not required to request leave. PFR File, Tab 1 at 16-17; ID at 23-25. He also reasserts that the agency's request for medical documentation and the requirement that he sign out before leaving his shift constituted harmful procedural error. PFR File, Tab 1 at 21-22; ID at 45-46. However, as the administrative judge found, the agency was entitled to request supporting documentation when it suspected an employee of leave abuse, the appellant was ordered to provide medical documentation, there were reasonable grounds to request the documentation from the appellant, who left work after a disagreement with two supervisors, and there was no dispute that he failed to provide the requested documentation. ID at 23-25. Thus, we find that the administrative judge properly sustained this specification because she found that the appellant failed to follow instructions regarding medical documentation for his leave usage. *See generally Wilkinson v. Department of the Air Force*, 68 M.S.P.R. 4, 7 (1995) (holding that discipline for failing to properly request leave may be imposed regardless of the employee's eventual entitlement to the leave). Furthermore, we find no harmful procedural error because we agree with the administrative judge that the agency acted within its authority to request the appellant to sign out and to provide medical documentation and because we agree with her interpretation of the collective bargaining agreement in finding that the agency was entitled to request the medical documentation under the circumstances of this case. ID at 45-46.

¶8    The appellant also generally challenges the administrative judge's decision to sustain the disrespectful conduct charge. PFR File, Tab 1 at 16-17; ID at 26-28. The administrative judge sustained this charge because she found that the supervisory CBPO's account describing the appellant's disrespectful

comments was more credible than the appellant's account alleging that he did not make the disrespectful comments and that the agency proved the essence of this specification. ID at 28. The appellant has not demonstrated that the administrative judge erred in sustaining this charge based upon her well-reasoned credibility determinations. *Gill v. Department of Defense*, 92 M.S.P.R. 23, ¶ 15 (2002).

¶9      We agree, moreover, with the administrative judge that the appellant failed to establish his affirmative defenses. The appellant challenges the administrative judge's finding that he failed to prove his affirmative defenses of EEO retaliation and discrimination based on sex and national origin. PFR File, Tab 1 at 19-21; ID at 29-41. The administrative judge found that, other than conclusory statements about employees who engaged in misconduct or just general statements of disparate treatment, there was no evidence that the appellant was treated differently than other employees of a different nationality or who were female. ID at 34, 37. Additionally, she found that the appellant failed to establish his claim of EEO retaliation because he did not prove that anyone involved in making the decision to discipline him was aware of his EEO activity. ID at 41. Based on our review, we find that the administrative judge correctly applied current Board law to analyze these claims and properly found them unsupported. *See Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 42 (2015). The appellant also has provided no reason to disturb the administrative judge's finding that he failed to establish his claim of harmful procedural error based upon an asserted violation of his *Weingarten* rights[2] because we agree that he failed to show that these rights were violated. PFR File, Tab 1 at 21-22; ID at 42-45. We thus discern no reason to reweigh the evidence or substitute our

---

[2] *See National Labor Relations Board v. J. Weingarten, Inc.*, 420 U.S. 251 (1975) (holding that employees have a right to union representation during investigatory interviews).

assessment of the record evidence for that of the administrative judge.[3] *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997).

¶10　　Lastly, the appellant generally challenges the penalty determination. PFR File, Tab 1 at 18-19. The deciding official testified regarding his consideration of all of the *Douglas* factors in imposing the 45-day suspension. HT at 88-93, 97-103. Based upon our review of the record, we agree with the administrative judge that the 45-day suspension is within the tolerable bounds of reasonableness. ID at 48-53; *see Grubb v. Department of the Interior*, 96 M.S.P.R. 377, ¶ 49 (2004) (finding that a 45-day suspension was a reasonable penalty for the sustained charges of absence without leave, failing to follow leave procedures, misrepresenting of facts, unprofessional behavior towards a coworker/team leader, and disruptive behavior in the workplace when the appellant had a prior disciplinary record of three suspensions within less than 6 months of the suspension at issue and the appellant's failure to recognize that she had done anything wrong reflected very poorly on her potential for rehabilitation); *see also O'Lague v. Department of Veterans Affairs*, 123 M.S.P.R. 340, ¶ 20 (2016) (stating that law enforcement officers may be held to a higher standard); *Redfearn v. Department of Labor*, 58 M.S.P.R. 307, 316 (1993) (finding that an employee's deliberate refusal to follow supervisory instructions constitutes serious misconduct that cannot properly be condoned).

---

[3] The appellant asserts that the agency failed to establish a nexus between its action and the efficiency of the service. PFR File, Tab 1 at 17-18; ID at 47-48. We disagree because the deciding official testified that, as a law enforcement agency responsible for crucial safety functions, the agency needs to maintain a strict chain of command in which lawful instructions are obeyed, HT at 86-87, and because it is beyond dispute that an employee's failure to follow instructions affects an agency's ability to carry out its mission, *Cobert v. Miller*, 800 F.3d 1340, 1351 (Fed. Cir. 2015).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order

before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.